UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN HALLORAN,
    Plaintiff,

vs.                 No. 03-1214

GEORGE HERSCHBERGER, et al.
    Defendants.

## ORDER OF DISMISSAL

On July 14, 2003, a deficiency order was entered in this case directing the plaintiff to provide copies of his complaint along with service and summons forms for the defendants. The plaintiff was advised that he must comply with the order within twenty-one days or his case could be dismissed. *See* July 14, 2003 Order.

On August 4, 2003, the plaintiff filed a motion for a sixty day extension to comply with the court's deficiency order. The plaintiff stated that he would soon be released from the Department of Corrections.

On August 6, 2003, a Prepayment Order was entered directing the plaintiff to pay an initial partial filing fee of $7.36. *See* August 6, 2003 Court Order. On August 25, 2003, the court granted the plaintiff's motion for an extension of time to comply with the Deficiency order, but did not allow the plaintiff as much time as requested. The plaintiff was informed that he must provide the necessary information by September 24, 2003, or his case could be dismissed. *See* August 25, 2003 Court Order.

On September 2, 2003, the court's order allowing the plaintiff additional time to comply was returned as undelivered. The plaintiff had been released from custody. On September 5, 2003, the court received the plaintiff's initial partial filing fee of $7.36.

The court has had no further contact with the plaintiff. The plaintiff did not comply with the Deficiency Order by the September 24, 2003 deadline, nor did he comply within the sixty days he requested. The plaintiff has also failed to provide the court with his current address and phone number.

The last filing by the plaintiff was more than a year and a half ago. The plaintiff has apparently lost interest in pursuing this litigation. Therefore, the court will dismiss this lawsuit.

IT IS THEREFORE ORDERED that:

1) The clerk is directed to dismiss this case in its entirety without prejudice for failure to prosecute with due diligence. *See* Fed. R.Civ. P. 41(b).

2) The plaintiff is still responsible for ensuring the $150.00 filing fee is paid in full to the clerk of the court. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.

ENTERED this 25th day of May, 2005.

                            **S/ Harold A. Baker**
                          _____
                                HAROLD A. BAKER
                          UNITED STATES DISTRICT JUDGE